**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-12-776-PHX-SRB (LOA) |
| ) | |
| Plaintiff, ) | **MENTAL HOSPITALIZATION** |
| ) | **AND TRANSPORTATION ORDER** |
| vs. ) | |
| ) | |
| Jesus Valente Sales-Toscano, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On February 22, 2012, Defendant was charged by complaint with Re-entry of Removed Alien, a felony, in violation of with 8 U.S.C. § 1326(a) with a (b)(1) sentencing enhancement. After counsel was appointed, on May 17, 2017, the undersigned Magistrate Judge granted defense counsel's oral motion to determine Defendant's competency. (Docs. 15-16) At defense counsel's request, Defendant was evaluated for mental competency by Kathryn A. Menendez, Ph.D., a local board-certified psychologist.

Both counsel represent that they have reviewed a copy of Dr. Menendez's report, dated June 27, 2012, filed under seal. (Doc. 20) Dr. Menendez's report indicates, *inter alia*, that Defendant "is incompetent to proceed . . . [and] it appears unlikely that he would be restorable within a reasonable or ordinate period of time." (*Id.* at 7) The nature of Defendant's incompetence is a severe form of mental illness, specifically "[s]chizophrenia, paranoid type, by history," and "[a]ntisocial [t]raits." (*Id.*) On July 11, 2012, the Government orally moves that, based upon Dr. Menendez's report, Defendant be committed to a federal

medical center for hospitalization and treatment to attempt to restore Defendant's competency. Defense objects to the motion because, among other reasons, Dr. Menendez has opined that "it appears unlikely" Defendant may be restored to competence within a reasonable period of time.

Both counsel expressly consent that the undersigned Magistrate Judge may rule on the Government's oral motion for hospitalization and treatment pursuant to 28 U.S.C. § 636(b)(1)(A) and (b)(3), LRCrim 57.6(d)(8),[1] and the broad interpretation given 28 U.S.C. § 636(b)(3)[2] by the Supreme Court with the parties' express consent in *Gonzalez v. United States*, 553 U.S. 242 (2008) (express consent by defense counsel suffices to permit United States magistrate judge to preside over jury selection in felony trial).

The Court "finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

Over the objection of defense counsel and because 18 U.S.C. § 4241(d) mandates granting the Government's motion,

**IT IS ORDERED** that the Government's oral motion for hospitalization and treatment is **GRANTED**. Pursuant to 18 U.S.C. § 4241(d), Defendant is committed to the

---

[1] Local Rule 57.6(d)(8) provides:

> (8) Enter orders for examination to determine mental competency; hold hearings and conduct examinations to determine mental competency; and enter orders determining mental competency except any motion to involuntarily medicate a defendant in an effort to restore competency.

LRCrim 57.6(d)(8)

[2] Title 28 U.S.C. § 636(b)(3) indicates that "(3) A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

custody of the Attorney General for hospitalization and treatment in a suitable healthcare facility for a reasonable period of time, **not to exceed four (4) months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the mental capacity to permit these criminal proceedings to go forward; and, for an additional reasonable period of time upon timely written request by the healthcare facility for good cause shown until Defendant's mental condition is so improved that Defendant's trial and other court proceedings may proceed, or the pending charges against him are disposed of according to law, whichever is earlier. 18 U.S.C. § 4241(d); *see also United States v. Loughner*, 672 F.3d 731, 766 (9th Cir. 2012) ("Under 18 U.S.C. § 4241(d), if a court finds that a defendant's mental disease renders him 'mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,' the court *shall* commit the defendant for up to four months to determine if there is a "substantial probability" that he will be restored to competency. 18 U.S.C. § 4241(d)(1).") (emphasis added); *United States v. Magassouba*, 544 F.3d 387, 404 (2nd Cir. 2008) ("The statute plainly states that, if a district court finds by a preponderance of the evidence that a defendant is mentally incompetent to stand trial, 'the court *shall commit* the defendant to the custody of the Attorney General.' . . . In short, . . . once a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory[,]" citing *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003) (emphasis in original; citations omitted)).

**IT IS FURTHER ORDERED** that a psychiatric or psychological report shall be timely prepared and filed with the Court, pursuant to the provisions of § 4247(b) and (c), after a reasonable period of time, **not to exceed four (4) months**, of Defendant's hospitalization and treatment, advising, at a minimum, (1) whether there is a substantial probability that in the foreseeable future Defendant will attain the mental capacity to permit these criminal proceedings to go forward or whether Defendant has been restored to competency, (2) whether Defendant has taken medication and, if so, the identity and dosage of such medication if such medication will maintain Defendant's competency pending trial,

(3) if Defendant has not been restored to competency, a medical recommendation on future treatment or other disposition in accordance with federal law, and (6) whether Defendant presents a danger to the community.

In light of the difficulties and delays associated with designating detained defendants to a federal medical center due to limited bed space of suitable facilities and transporting defendants to and from such centers,

**IT IS FURTHER ORDERED** that, regardless whether Defendant is restored to competency, Defendant shall receive a dangerousness assessment required by 18 U.S.C. § 4246[3] prior to his return to this District for any further hearing, including a *Sell*'s[4] or other hearing authorized by either 18 U.S.C. § 4241(e) or § 4246(c). If the director of the federal medical center certifies that Defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another, he or she shall prepare and transmit the certificate mandated by 18 U.S.C. § 4246(a). Further, the federal medical center where Defendant is hospitalized shall promptly prepare a psychiatric or psychological examination and report specified in 18 U.S.C. § 4246(b).

**IT IS FURTHER ORDERED** that Defendant shall not be involuntarily medicated absent 1) his express consent; 2) the existence of a genuine medical emergency and such medication(s) are necessary to protect Defendant's health or safety or that of BOP's medical

---

[3] Whether Defendant's "release would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a); *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1032 (9th Cir. 2009); *United States v. Cruz-Martinez*, 436 F. Supp. 2d 1157, 1163 (S.D. Cal. 2006).

[4] In *Sell v. United States*, 539 U.S. 166 (2003), the Supreme Court held that a defendant facing serious criminal charges may be involuntarily medicated to restore mental competence, if the treatment is medically appropriate, will not undermine the fairness of the trial and less intrusive alternatives are not available. 539 U.S. at 179; *United States v. Fabela*, 666 F.Supp.2d 1082 (D.Ariz. 2009).

personnel after approval to do so via a *Harper* hearing;[5] or, 3) upon further order of the assigned district judge.

**IT IS FURTHER ORDERED** that Defendant shall not be returned to this District until further order of this Court.

**IT IS FURTHER ORDERED** that upon Defendant's return to the District of Arizona, the U.S. Marshal Service shall obtain a written list of all prescription medications, if any, including all psychotropic drugs and their dosages administered to Defendant at discharge from his hospitalization and psychiatric treatment and a copy of Defendant's chronological ("chrono") prescription drug history at the subject health care facility and shall provide said records to Corrections Corporation of America, Central Arizona Detention Center, on or before Defendant's physical return for further court proceedings.

**IT IS FURTHER ORDERED** that Defendant shall remain detained until further order of this Court.

**IT IS FURTHER ORDERED** that the excludable delay is found to commence on _____ pursuant to 18 U.S.C. §3161(h)(1)(A).

**IT IS FURTHER ORDERED** that for purposes of judicial continuity, this matter is placed on the undersigned's calendar, as the assigned Magistrate Judge, for a status

/ / /

/ / /

---

[5] In *Harper*, the Supreme Court held that a seriously mentally ill defendant has the right to refuse antipsychotic medication, unless the government can show that the treatment was medically necessary, there were no less intrusive alternatives, and the treatment was necessary to prevent the defendant from harming himself or others. *Washington v. Harper*, 494 U.S. 210, 227 (1990) ("We hold that, given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."); *see also Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

conference re: mental competency exam, detention hearing, and arraignment for **Monday, December 10, 2012 at 11:00 a.m.**

Dated this 11th day of July, 2012.

_____
Lawrence O. Anderson
United States Magistrate Judge

cc: Emailed to USMS on 7/11/12. smh